**11 CV. 4459**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Noelle Blanc, *Plaintiff*

Against

Equifax Information Services, Inc.
Experian, and Trans Union
Corporation, *Defendants*

**COMPLAINT**
**(JURY TRIAL REQUESTED)**

---

Plaintiff NOELLE BLANC (collectively "Plaintiff"), with regard to EQUIFAX INFORMATION SERVICES("Equifax"), EXPERIAN ("Experian"), and TRANS UNION CORPORATION ("Trans Union") collectively hereinafter referred to as "Defendants" allege the following, upon information and belief:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Federal Fair Credit Reporting Act 15 U.S.C. §1681 et seq ("FCRA") and

2. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the New York State Fair Credit Reporting Act (General Business Law Art. 25 §380 et seq.) ("NYFCRA").

3. Defendants violated the FCRA and the NYFCRA by failing to follow reasonable procedures to assure maximum possible accuracy when preparing credit reports concerning the Plaintiff.

4. Defendants further violated their obligation under the FCRA and the NYFCRA to properly reinvestigate the disputed items in the Plaintiff' credit file maintained by them.

**RECEIVED JUN 20 2011 PRO SE OFFICE**

5. Defendants willfully violated various provisions of the FCRA and the NYFCRA and the Plaintiff are therefore entitled to an award of actual damages and attorney's fees.

6. In the alternative, Defendants negligently violated various provisions of the FCRA and NYFCRA and the Plaintiff are therefore entitled to an award of actual and punitive damages together with attorney's fees.

## JURISDICTION

7. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p). This Court has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C. § 1367(a) and pendant jurisdiction over the state common law claims asserted herein. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff is a natural person and resident of the State of New York. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Upon information and belief, Defendant Equifax is a Georgia corporation, duly authorized and qualified to do business in the State of New York.

10. Upon information and belief, Defendant Experian is a Texas corporation, duly authorized and qualified to do business in the State of New York.

11. Upon information and belief, Defendant Trans Union is a Delaware corporation, duly authorized and qualified to do business in the State of New York.

12. Each Defendant is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a (f)].

## FACTS

13. In or about May 2009 a judgment ("judgment") against Plaintiff was vacated in Yonkers City Court.

14. Subsequent to May 2009 Plaintiff accessed her credit reports and learned that Defendants were reporting the judgment as currently outstanding when in fact it was not.

15. Plaintiff disputed the judgments with the Defendants numerous times. The disputes specifically stated that the judgment should be removed from the Plaintiff' credit reports due to the fact that it had been filed in error and subsequently vacated.

16. Upon information and belief Defendants received the Plaintiff's disputes, but failed to conduct an adequate investigation and make the corrections required.

17. Upon information and belief, Defendants failed and refused to make the corrections necessary regarding removal of the judgment from Plaintiff's credit report and file.

18. Defendants "verified" the judgment, naming Bergen County Court as its direct source of information when in fact, Defendants obtain all of their "public record" information on its own or through an outside vendor. However, Defendants have no internal procedures to check and compare the consistency of the data it obtains.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

19. Plaintiff re-alleges and incorporate each and every allegation set forth above as if fully set out herein.

20. Defendants prepared, compiled, issued, assembled, transferred, published to third parties and otherwise reproduced consumer reports regarding the Plaintiff, as that term is defined in 15 U.S.C. §1681a(d).

21. Such reports contained the erroneous information described in paragraph 12. Defendants knew, or should have known, that the reports contained erroneous information.

22. Defendants violated 15 U.S.C. §1681e(b) by failing to establish, maintain or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files they published and maintained concerning Plaintiff.

23. As a result of the Defendants' conduct, action and inaction, the Plaintiff suffered damage by loss of the ability to purchase, lowering of credit limits, and withdrawal of Plaintiff's already existing credit offers, termination of relationships with other creditors, embarrassment, physical duress, mental/emotional pain and anguish.

24. Defendants' conduct, action and inaction was willful, rendering them liable to the Plaintiff for punitive damages in an amount to be determined by the trier of fact pursuant to 15 U.S.C. §1681n.

25. In the alternative, Defendants' conduct, actions and inaction was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

26. Plaintiff are entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NEW YORK FAIR CREDIT REPORTING ACT

27. Plaintiff re-alleges and incorporates each and every allegation set forth above as if fully set out herein.

28. Defendants prepared, compiled, issued, assembled, transferred, published to third parties and otherwise reproduced consumer reports regarding the Plaintiff, as that term is defined in NYFCRA §380-a(c).

29. Such reports contained the erroneous information described in paragraph 12. Defendants knew, or should have known, that the reports contained erroneous information.

30. Defendants violated NYFCRA § 380j (a) (3) reporting and maintaining in Plaintiff' credit files information which they had reason to know was false.

31. Defendants violated NYFCRA § 380d (a) (2) by failing to properly, clearly and accurately disclose to Plaintiff their sources of information which verified the judgment.

32. Defendants violated NYFCRA §380-j(e) by failing to establish, maintain or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files they published and maintained concerning the Plaintiff.

33. As a result of the Defendants' conduct, action and inaction, the Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, loss of opportunity, embarrassment, physical duress, mental/emotional pain and anguish.

34. Defendants' conduct, action and inaction was willful, rendering them liable to the Plaintiff for punitive damages in an amount to be determined by the trier of fact pursuant to NYFCRA §380-l.

35. In the alternative, Defendants' conduct, actions and inaction was negligent entitling the Plaintiff to recover actual damages under NYFCRA §380-m.

36. Plaintiff are entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to NYFCRA §380-l and/or NYFCRA §380-m

## THIRD CAUSE OF ACTION
## DEFAMATION

37. Plaintiff repeat, re-allege and incorporate by reference the above paragraphs.

38. At the times pertinent hereto, Defendants have published statements that are false and negative representations concerning Plaintiff's credit information and history.

39. Despite repeated notices from Plaintiff, Defendants acted with malice by failing to remove the false information when responding to Plaintiff' disputes.

40. The statements made by Defendants were false as outlined above.

41. Defendants have published these statements to at least twenty five (25) potential creditors.

42. Defendants knew that the statements were false when made and had no factual basis for continuously repeating the statements, as Plaintiff had notified them that the statements were false for the above-mentioned reasons and they willfully continued to publish such statements.

43. The written statements and publications constitute libel per se.

44. Defendants violated NYFCRA §380o (2) by knowingly and willfully causing to be introduced onto Plaintiff' credit reports false information regarding the judgment.

45. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate

Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

**WHEREFORE**, Plaintiff respectfully requests of the court the following:

a) Declaratory judgment that Defendants' conduct violated the FCRA and NYFCRA;
b) Declaratory and injunctive relief for the Defendants' violations of the FCRA and NYFCRA;
c) Declaratory and injunctive relief, specifically an Order of the Court compelling Defendant to forever delete and suppress every disputed item(s) in Plaintiff's credit files, for the Defendant's violations of the FCRA and NYFCRA;
d) Trial by jury on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure
e) Statutory damages in the amount of 75,000
f) Punitive damages pursuant to FCRA §1681n and NYFCRA § 380-1;
g) Actual damages of $500,000
h) Costs and fees pursuant to FCRA §1681o, NYFCRA § 380-l and/or NYFCRA § 380-m.
i) Such other and further relief as may be just and proper together with and any and all other relief to which Plaintiff may be entitled, including the right to amend this Complaint to add additional claims and/or additional parties after conducting appropriate discovery.

**Dated:** **June 12, 2011** - White Plains, New York

*[signature]*

Noelle Blanc, Plaintiff Pro Se
Post Office Box 336
Eastchester, NY 10709
TheLegalN@hotmail.com
(646) 438-1050 *Hearing impaired- written communication i.e. email or text preferred*